JOHN SHARP *v.* THE STATE.

HABEAS CORPUS.—It is the settled practice of this court to abstain from discussing the evidence in *habeas corpus* cases brought before it.

APPEAL from the District Court of Karnes.    Tried below before the Hon. H. CLAY PLEASANTS.

The character of the case is stated in the opinion.

No brief for the appellant.

*George McCormick*, Assistant Attorney General, for the :State.

Winkler, J.    This is an appeal from the judgment of the district court of Karnes county, rendered at a term of that court commencing on the 26th day of June, 1876, wherein the relator applied to be released from custody and admitted to bail.    In his petition he states that he is held by the sheriff, under a warrant of commitment issued by G. W. Brown, a justice of the peace for Karnes county. A copy of the warrant is attached to and made a part of the petition, by which it appears that the relator is charged with the murder of Alfred Cone, in Karnes county, Texas, on the 11th day of February, 1876.    The petition was filed June 27, 1876, and on the same day the judge of the court, by his *fiat*, ordered the clerk to issue a writ of *habeas corpus* to the sheriff, requiring him to produce the body of the applicant before the district court of Karnes county, at 2 o'clock, p. m., on Friday, June 30, 1876, together with the cause of his detention.    The sheriff waived the issuance of the writ of *habeas corpus*, but in response to the petition stated that he had arrested the petitioner on a warrant issued by Brown, J. P.; but, responding further, he said that he, as sheriff of Karnes county, then held " John Sharp in custody by virtue of a *capias* issued on an indictment found by the grand jury of Karnes county, and returned in the Hon. District Court now in session, charging said John Sharp with murder, which *capias* is hereto attached."

The cause, agreeably to a note in the margin of the transcript, came on to be heard on the 1st day of July, 1876. The following is an extract from the judgment of the court:

" The court is of the opinion that the said John Sharp is not entitled to bail. It is, therefore, ordered, adjudged, and decreed by the court that the said John Sharp be remanded to the custody of the sheriff."

We find no bill of exceptions in the record, except that, upon the rendition of judgment, " the defendant excepted and gave notice of appeal in open court."

The case has been submitted to this court on brief by the assistant attorney general. We have not been favored with an assignment of errors, or by either brief or oral argument on the part of the appellant.

In accordance with what we understand to have been settled as the practice in this class of cases before the organization of this court, and which has been followed by this court since its organization, we do not feel warranted in entering upon any discussion as to the evidence, in view of the action to be had by this court.

We have, however, carefully examined the case as shown by the transcript of the record before us, without being able to discover any error in the proceedings had, or the judgment rendered by the district court, which would justify us in reversing the judgment of the district court of Karnes. county refusing bail to the appellant.

The judgment is affirmed.

*Affirmed.*